IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAICOMM, LLC<br>d/b/a URBAN ALARM<br><br>    Plaintiff,<br><br>v.<br><br>HELIX ELECTRIC, INC.<br><br>    Defendant. | Civil Action: _____ |

## COMPLAINT

Plaintiff, Saicomm, LLC (d/b/a Urban Alarm) brings this action against Helix Electric, Inc., and states as follows:

## THE PARTIES

1. Plaintiff, Saicomm, LLC, which currently does business as Urban Alarm, is a limited liability company with its principal place of business in the District of Columbia.

2. Plaintiff is a subcontractor that provides and installs alarm systems in residential and commercial buildings.

3. Defendant, Helix Electric, Inc., is, on information and belief, incorporated in the State of California, with its principal place of business located at 6795 Flanders Drive, San Diego, California.

4. Defendant is a construction contractor that was engaged by Clark Construction (the "General Contractor") to perform services on a construction

1

project located at 900 Main Ave., SW, Washington, D.C.

## NATURE OF THE ACTION

5. This is a suit for breach of contract and unjust enrichment, based on construction work—namely, the installation of alarm systems—which Plaintiff fully performed, but for which Defendant has not fully paid.

## JURISDICTION

6. Personal jurisdiction exists over Defendant, as it does business and has the necessary minimum contacts within the District of Columbia. The defendant has purposely availed itself of the privilege of conducting activities within the District of Columbia and invokes the benefits and protection of the laws of the District of Columbia. This includes, but is not limited to, Defendant's entry into the Contracts for the Project (both of which are defined below), which is a construction project located in the District of Columbia.

7. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred in this judicial district. The Contracts that Defendant breached are for a construction project located in the

District of Columbia.

## FACTUAL ALLEGATIONS

9. Defendant subcontracted with Plaintiff to provide labor for installation of fire alarm systems (the "Services"), entering into two written contracts for such services (the "Contracts").

10. The first written contract and its associated documents, attached as Exhibit A, were entered into on October 24, 2016 for Services at 900 Main Ave., SW, Washington, D.C., Parcel 4 (hereinafter, the "Wharf Project Contract").

11. The second written contract and its associated documents (including a Change Order), attached as Exhibit B, were entered into on November 16, 2016 for Services at 900 Main Ave., SW, Washington, D.C., Parcel 2 (hereinafter, the "Garage Project Contract").

12. Plaintiff fully performed all the Services according to terms of the Contracts.

13. Although Defendant made certain payments on the Contracts, it has refused—without justification—to make full payment for the Services.

14. As of the date of this suit, the due and outstanding amount owed under the Wharf Project Contract is $68,260.79.

15. As of the date of this suit, the due and outstanding amount owed under the Garage Project Contract is $99,868.58.

16. The total amount due and outstanding on the Contracts is $168,129.37. (See Statement of Account, attached as Exhibit C).

## COUNT I – BREACH OF CONTRACT

17. Plaintiff hereby realleges and incorporates all preceding paragraphs as if they were fully set forth herein.

18. Plaintiff and Defendant contracted for Plaintiff to perform the Services.

19. Plaintiff fully and satisfactorily performed the Services.

20. Plaintiff fully and accurately billed the Defendant for the Services.

21. Despite such performance, Defendant, without justification, has refused to make full payment due for the Services under the Contracts.

22. The total amount due and owing on the Contracts is $168,129.37.

23. Section X(5) of Addendum No. 4 of each Contract (See Exhibits A & B) entitles the prevailing party to attorneys' fees, expenses, and costs in any litigation pertaining to the Contracts.

WHEREFORE Plaintiff requests that this Honorable Court award to Plaintiff $168,129.37 in damages, attorneys' fees, costs, expenses, pre- and post-judgment interest, and any other relief as the Court deems appropriate.

## COUNT II – UNJUST ENRICHMENT

24. Plaintiff hereby realleges and incorporates all preceding paragraphs as if they were fully set forth herein.

25. As an alternative to breach of contract, Plaintiff pleads unjust enrichment.

26. Plaintiff conferred a benefit on the Defendant, in that it provided services, specifically, alarm systems for the Project.

27. Defendant retained the benefit, since Defendant is the general contractor, and has either received payment for Plaintiff's services or is entitled to payment for Plaintiff's completed Services.

28. Nothing entitles Defendant to retain the benefit without compensating Plaintiff for the time spent on the Services.

29. The amount by which Defendant has been unjustly enriched is $168,129.37, the cost of the Services for which Defendant has not paid.

30. Under the circumstances, Defendant's retention of the benefit would be unjust.

WHEREFORE Plaintiff requests that this Honorable Court award to Plaintiff $168,129.37 in damages, attorneys' fees, costs, expenses, pre- and post-judgment interest, and any other relief as the Court deems appropriate.

> Respectfully submitted
> SAICOMM, LLC
> By Counsel

ALLRED, BACON, HALFHILL, & YOUNG, P.C.

By: _____
James T. Bacon, Esq. (Bar# 416209)
11350 Random Hills Road
Suite 700
Fairfax, VA 22030
703-352-1300
703-352-1301 (Fax)
jbacon@abhylaw.com